IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA RICE on behalf of plaintiff and the class defined below,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; and ENCORE CAPITAL GROUP, INC., formerly MCM CAPITAL GROUP, INC.,<br><br>Defendants. | Case No.: 1:12-cv-01395<br><br>Judge: Robert M. Dow, Jr.<br><br>Magistrate Judge Maria Valdez |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Midland Credit Management, Inc., ("MCM"), Midland Funding LLC and Encore Capital Group, Inc., ("Encore"), by and through their attorneys and for their Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) state as follows:

**INTRODUCTION**

Plaintiff complains of four letters MCM sent her for collection of a CIT Bank credit card debt. (Compl., ¶35, Exs. A-D to Compl.). The first letter attached to her Complaint is dated April 21, 2011. Plaintiff claims that her date of last payment on the account was January 19, 2006 and that the statute of limitations on a credit card bill in Illinois is five years. (Compl., ¶¶38,39). She alleges that the letters failed to disclose that her debt was barred by the statute of limitations and failed to disclose the date of the transactions giving rise to the debt. (Compl., ¶¶41,42). On this basis she claims that MCM's letters violated Sections 1692e, 1692e(2),

1692e(10) and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. al*. ("FDCPA"). (Compl., ¶46).[1]

Plaintiff's theory fails. MCM was entitled to seek collection of Plaintiff's debt whether or not the statute of limitations had expired because under Illinois law, the statute of limitations is procedural and does not alter substantive rights. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill.2d 325, 351, 770 N.E.2d 177, 195 (Ill. 2002). Merely attempting to collect a time-barred debt does not violate the FDCPA. *Murray v. CCB Credit Services, Inc.*, No. 04 C 7456, 2004 WL 2943656, *2 (N.D.Ill. 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D.Ill. 2001). Moreover the FDCPA does not require a debt collector to disclose the statute of limitations applicable to a particular debt, nor does it require a debt collector to disclose the date of the transactions giving rise to such a debt. Plaintiff cannot read requirements into the Act that are not there. Finally, Plaintiff appears to rely upon a consent decree between the FTC and Asset Acceptance in support of her theory. (Compl., ¶45). However, a consent decree between the FTC and an unrelated party is evidence of nothing. A court may not enter a consent decree that imposes obligations on a party that did not consent to the decree. *Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 3079 (1986). As further set forth below, this court should dismiss Plaintiff's Complaint in its entirety.

---

[1] Plaintiff alleges that MCM and Midland Funding LLC are under common ownership and are both subsidiaries of Encore. (Compl., ¶19). Plaintiff claims that each Defendant is a debt collector and is liable for the FDCPA violations. (Compl., ¶13,18, 32). While Defendants Midland Funding LLC and Encore do not concede that they are debt collectors under the FDCPA, taking Plaintiff's allegations as true for purposes of this motion, MCM's arguments apply with equal force to all Defendants.

## ARGUMENT

### A. None of MCM's letters threaten litigation.

Plaintiff's theory is nothing new. This court has already considered whether or not merely sending a letter seeking collection of a time-barred debt violates the FDCPA and has concluded that it does not. *Murray v. CCB Credit Services, Inc.*, 2004 WL 2943656, *2 (N.D.Ill. 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D.Ill. 2001). Moreover, Plaintiff's counsel in *Walker* represents the Plaintiff in this case.

In *Murray*, Plaintiff alleged that Defendant engaged in deceptive practices in violation of the FDCPA by sending him a letter seeking collection of a time-barred debt. The letter advised that Plaintiff owed a $351.03 debt to Sterling Bank & Trust/FNBO, provided that it had been placed with Defendant for collection and requested that Plaintiff submit payment for the balance. In determining that the letter did not violate the FDCPA and in granting Defendant's motion to dismiss, the court stated:

> Plaintiff does not claim that defendant had threatened actual or future litigation to recover the debt. Neither does he argue that the dunning letter was confusing or otherwise worded in a manner that violates the FDCPA. Instead, plaintiff claims that the violation occurred when defendant attempted to collect on a time-barred debt. The running of the statute of limitations would bar defendant from collecting through the courts, but it does not extinguish plaintiff's debt. *See Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D.Ill. 2001). That defendant cannot sue to recover the debt does not prevent it from seeking to recover the debt via an alternate route. Merely attempting to collect a time-barred debt does not violate the FDCPA. We agree with the court in *Walker* that a violation of the FDCPA occurs if the attempt to collect the time-barred debt is accompanied by a threat to sue, or if litigation had actually begun. In such a situation the debt collector misrepresents the legal status of the debt. *See Walker*, 200 F.R.D. at 616 (discussing *Freyermuth v. Credit Bureau Servs. Inc.*, 248 F.3d 767 (8th Cir. 2001)); *Griffith v. Capital One Bank*, 2001 U.S. Dist. LEXIS 21953, *5 (N.D.Ill. 2001). Defendant does not violate the FDCPA because the dunning letter is silent as to actual or potential litigation. *Id.* at *2.

In *Walker v. Cash Flow Consultants*, *Inc.*, 200 F.R.D. 613 (2001), Defendant attempted to collect a debt for a dishonored check. Defendant sent Plaintiff a collection letter after expiration of the three year statute of limitations for dishonored checks. Plaintiff alleged that Defendant violated Sections 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA by knowingly attempting to collect on a time-barred debt. In rejecting Plaintiff's claim the court stated:

> Notably, Illinois law is consistent with *Freyermuth:* the statute of limitations bars a specific remedy; it does not extinguish the indebtedness. *See La Pine Scientific Co. v. Lenckos*, 95 Ill.App.3d 955, 958, 51 Ill.Dec. 241, 420 N.E.2d 655, 658 (1st Dist. 1981). The court finds *Freyermuth* persuasive, but holds only that, in order to survive a motion to dismiss, a defendant's attempt to collect on a time-barred debt must be accompanied by actual litigation or a threat, either explicit or implicit, of future litigation. Here, Plaintiff did not allege that CFC explicitly or implicitly threatened him with further collection action and, as noted, the language of CFC's debt collection letter would belie any such allegation. *Id.* at 616.

As in the *Murray* and *Walker* cases, MCM's letters in this case do not implicitly or explicitly threaten litigation. Plaintiff does not allege that MCM's letters contained such a threat, nor can the letters reasonably be read to include such an implication. The Seventh Circuit applies the "unsophisticated consumer" standard. *Gammon v. GC Srvcs*, 27 F.3d 1254, 1257 (7th Cir. 1994); *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005). The unsophisticated consumer standard protects debt collectors from idiosyncratic interpretations of communications (i.e. applying the view of a person with a modest education and who has some commercial savvy). Offering Plaintiff payment options of the debt does not imply that litigation can or will be initiated, nor would the unsophisticated consumer interpret the letters in such a manner.

Plaintiff alleges that Defendant's "nondisclosure" is "exacerbated by the offer of a settlement" and that "[a]n offer to settle implies a colorable obligation to pay. (Compl., ¶47). Plaintiff insinuates that the expiration of the statute of limitations extinguished her debt. Illinois

4

law is clear- the statute of limitations does not extinguish the underlying indebtedness. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc*., 199 Ill.2d 325, 351, 770 N.E.2d 177, 195 (Ill. 2002); *La Pine Scientific Co. v. Lenckos,* 95 Ill.App.3d 955, 958, 420 N.E.2d 655, 658 (1st Dist. 1981). Thus a time-barred debt is "colorable" and implying it is "colorable" is permissible.[2]

MCM's letters each identify the MCM Account No., Original Creditor, Original Account No and Current Balance. The body of the April 21, 2011 letter stated[3]:



---

[2] "Colorable" is defined as "seemingly valid or genuine." http://www.merriam-webster.com/dictionary/colorable.

5

130322582v1 0932911

Nothing in MCM's April 21, 2011 letter in any way references or implies that litigation can or will be initiated by MCM.[4] MCM's May 20, 2011 letter states:



---

[3] The font size is not identical to the actual letter which was attached as Exhibit A to the Complaint, nor is reverse of the letter set forth herein. However, the letter is excerpted here to demonstrate that the settlement language does not imply or threaten litigation.

[4] Exhibits C and D which were attached to the Complaint are additional letters containing identical language.

The letters seek payment of Plaintiff's debt. Seeking payment of a time-barred debt is permissible under the FDCPA. *See Huertas v. Galaxy Asset Management,* 641 F.3d 28, 33 (3rd Cir. 2011); *Freyermuth v. Credit Bureau Services, Inc.,* 248 F.3d 767, 771 (8th Cir. 2001); *Wallace v. Capital One Bank*, 168 F.Supp.2d 526, 529 (D.Md.,2001); *Johnson v. Capital One Bank*, No. Civ.A. SA00CA315EP, 2000 WL 1279661, *2 (W.D.Tex.,2000); *Aronson v. Commercial Financial Services, Inc.*, No. Civ.A. 96-2113, 1997 WL 1038818, *3 (W.D.Pa.,1997).

**B. <u>The FDCPA does not require a debt collector disclose that a debt is time-barred</u>.**

Plaintiff claims that Defendant violated the FDCPA by failing to disclose that Plaintiff's debt is time-barred. (Compl., ¶41). The FDCPA, however, does not contain any such requirement. Plaintiff asks this court to read language into the Act that is not there. When the language of a statute is plain, courts must enforce that statute according to its terms. *Aubert v. American General Finance, Inc*.137 F.3d 976, 979(7th Cir. 1998). The courts are prohibited from reading into clear statutory language a restriction that Congress itself did not include. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997).

In *Schaefer v. ARM Receivable Management, Inc.*, 09-11666-DJC, 2011 WL 2847768 (D.Mass. 2011), the Plaintiff made similar allegations. Plaintiff alleged Defendants violated Section 1692e(2) by attempting to collect a time-barred debt from him without disclosing that the debt was time-barred. He also claimed by seeking payment on the debt and offering to settle, Defendants sought to revive the debt which violated Section 1692f and 1692e(2) of the FDCPA. The court noted that a debt collector could seek voluntary repayment of a time-barred debt and also stated, "[i]addition, Schaefer cites no authority that stands for his proposition that a debt

collector is required under the FDCPA to disclose that submitting a payment would revive or toll the statute of limitations." *Id*. at \*4.

Similarly, in this case, there is no authority for Plaintiff's claim that the FDCPA requires that a debt collector disclose when the statute of limitations has expired on a debt it is attempting to collect. MCM's letters permissibly seek voluntary payment of Plaintiff's debt. *See Huertas v. Galaxy Asset Management,* 641 F.3d 28, 33 (3rd Cir. 2011).

### C. The FTC Consent Decree with Asset Acceptance has no relevance to Plaintiff's claims.

Plaintiff cites to an FTC consent decree with Asset Acceptance which allegedly provides that Asset is required to disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. (Compl., ¶45). Plaintiff's citation to this consent decree has nothing to do with Defendants and certainly does not establish that MCM's letters violate the FDCPA. Consent decrees are contracts. Their force comes from the agreement of the parties, not from the statute on which the complaint was based. *Dunn v. Carey,* 808 F.2d 555, 559 (7th Cir. 1986). Whether or not the FTC and Asset Acceptance agreed to certain terms has no bearing on MCM, nor does it establish that debt collectors must disclose the statute of limitations in collection letters. A court may not enter a consent decree that imposes obligations on a party that did not consent to the decree. *Firefighters Local 93 v. City of Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 3079 (1986). Consequently, "parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and a fortiori may not impose duties or obligations on a third party, without that party's agreement." *U.S. v. City of Chicago*, 978 F.2d 325, 330 (1992)(citation omitted).

The FTC Complaint raised numerous allegations against Asset including violations under the FTC Act (Counts I and II), violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et.

al., (Counts III-V), violations of Sections 1692b, 1692c, 1692e and 1692g(b) of the FDCPA (Counts VI-IX) and sought injunctive and equitable relief. The consent decree is clear that the parties agreed to settlement, "without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of the Decree and without Defendant admitting any of the matters alleged in the Complaint other than jurisdictional facts…" *United States of America (for the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.). The consent decree was a compromise of numerous disputed claims and does not support Plaintiff's claim that a debt collector violates the FDCPA by attempting to collect time-barred debt.

## CONCLUSION

MCM's letters permissibly seek payment of Plaintiff's delinquent CIT Bank debt. The fact that MCM cannot sue Plaintiff for collection of the debt is of no consequence. MCM's offer to settle the debt does not implicitly or explicitly threaten suit. Seeking voluntary payment of a time-barred debt is not false, misleading or deceptive under Sections 1692e and f of the FDCPA.

WHEREFORE, Defendants Midland Credit Management, Inc., Midland Funding LLC and Encore Capital Group, Inc. respectfully request that this Court enter judgment in their favor and against Plaintiff on Plaintiff's Complaint.

           Respectfully submitted,

           By: s/*Jennifer W. Weller*
               One of the attorneys for
               MIDLAND CREDIT MANAGEMENT,
               INC.; MIDLAND FUNDING LLC; and
               ENCORE CAPITAL GROUP, INC

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601

## **CERTIFICATE OF SERVICE**

I, Jennifer W. Weller, an attorney, certify that I shall cause to be served a copy of the **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** upon the below listed individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **April 17, 2012.**

☒ CM/ECF
☐ Facsimile
☐ Federal Express
☐ Regular U.S. Mail
☐ Messenger
☐ E-Mail

To: All Parties of Record

HINSHAW & CULBERTSON LLP

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

s/ *Jennifer W. Weller*
Jennifer W. Weller

130322582v1 0932911