# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LINDA RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-1395 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | Judge Robert M. Dow, Jr. |
| MIDLAND FUNDING, LLC, and ENCORE | ) | |
| CAPITAL GROUP, INC formerly known as | ) | |
| MCM CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Upon consideration of the parties' supplemental briefs [80, 81], Plaintiff's notice of additional authority [82], and the recent decisions in *McMahon v. LVNV Funding LLC*, 744 F.3d 1010 (7th Cir. 2014), and *Buchanan v. Northland Group, Inc.*, --- F.3d ---, 2015 WL 149528, (6th Cir. Jan. 13, 2015), the Court grants Plaintiff's motion for reconsideration [67], vacates its memorandum opinion and order of March 20, 2013 [61], and directs the parties to proceed with discovery in this case. The parties are directed to confer and to submit a proposed discovery plan by 2/5/2015. The Court will set the case for a further status hearing after reviewing the proposed discovery plan.

I.   **Background**

Plaintiff Linda Rice alleges that Defendants, who are debt collectors, sent her a series of letters beginning in April 2011. The letters offered Plaintiff an opportunity to "settle your account" with monthly payment plans that discount the alleged debt. Compl., Exs. A, C, D. The last payment on the alleged debt was on January 19, 2006. The statute of limitations on a credit card bill in Illinois, where Plaintiff resides, is five years. The letters did not state when Plaintiff

incurred the debt, nor did they disclose that enforcement of the debt was time-barred. Plaintiff alleges that the letters violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f.

The Court granted Defendants' motion to dismiss [61], and Plaintiff moved the Court to reconsider [67]. The Court granted the motion to reconsider in part [76] and stayed the litigation in light of two pending appeals, which the Seventh Circuit consolidated and decided in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1012 (7th Cir. 2014). Based on the reasoning and outcome in *McMahon*, the Court grants Plaintiff's motion to reconsider and reinstates the case.

## II. Analysis

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in collection of any debt." 15 U.S.C. § 1692e. Section 1692e prohibits the false representation of "the character, amount, or legal status of any debt," among other things. 15 U.S.C. § 1692e(2)(A). Section 1692f further prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In deciding whether a dunning letter violates § 1692e or § 1692f, the court asks "whether a person of modest education and limited commercial savvy would be likely to be deceived." *McMahon*, 744 F.3d at 1019 (quoting *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007)). In other words, the court views the letter from the perspective of "unsophisticated consumer." *McMahon*, 744 F.3d at 1019 (citing *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012)).

*McMahon* addressed two letters from debt collectors, both of which offered to settle debtors' accounts at a discount. Neither letter stated when the debt was incurred, nor did they

2

disclose that enforcement of the debt was time-barred under Illinois's statute of limitations. The Seventh Circuit found that "[w]hether a debt is legally enforceable is a central fact about the character and legal status of that debt," and concluded that "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." *McMahon*, 744 F.3d at 1020. More specifically, it explained that "a settlement offer on a timebarred debt implies that the creditor could successfully sue on the debt. If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would be defenseless, or if they believe that the debt is legally enforceable at all, they have been misled, and the debt collector has violated the FDCPA." *Id.* at 1022.

In finding dismissal inappropriate, the Seventh Circuit explained that "[w]hether a dunning letter is confusing is a question of fact," adding that dismissal was appropriate "only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *McMahon*, 744 F.3d at 1020 (citations and internal quotation marks omitted). The Court explained its hesitation to permit dismissal at the pleadings stage by pointing to the FTC's empirically based conclusion that "most consumers do not understand their legal rights with respect to time-barred debts." *McMahon*, 744 F.3d at 1021 (citing Fed. Trade Comm'n, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration*, 26–27 (2010)).

The Seventh Circuit noted that its decision conflicted with decisions of the Third and Eighth Circuits, which this Court discussed in its previous Opinion and Order. *McMahon*, 744 F.3d at 1020 (citing *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011) and *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001)). In *Huertas*, the

3

Third Circuit held that a plaintiff's FDCPA claim regarding an attempt to collect a time-barred debt "hinges on whether [the dunning] letter threatened litigation." *Huertas*, 641 F.3d at 33. In *Freyermuth*, the Eighth Circuit held that a dunning letter attempting to collect a time-barred debt does not violate the FDCPA "in the absence of a threat of litigation or actual litigation." *Freyermuth*, 248 F.3d at 771. The Seventh Circuit departed from both of those decisions, finding that "[m]atters may be even worse if the debt collector adds a threat of litigation, see 15 U.S.C. § 1692e(5), but such a threat is not a necessary element of a claim." *McMahon*, 744 F.3d at 1020; see also *id*. at 1022 ("we conclude that an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, *especially* a letter that uses the term 'settle' or 'settlement'") (emphasis added). It added that, if anything, an offer to settle reinforced the misleading impression that the debt was legally enforceable "since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount." *McMahon*, 744 F.3d at 1021; see *St. Francis Med. Ctr. v. Vernon*, 217 Ill. App. 3d 287, 289 (5th Dist. 1991) ("It is clear that part payment of a debt tolls the statute of limitations such that it commences to run from the date of last payment.")

After the Seventh Circuit decided *McMahon*, the Sixth Circuit found dismissal inappropriate on similar facts in *Buchanan v. Northland Grp., Inc.*, No. 13-2523, 2015 WL 149528 (6th Cir. Jan. 13, 2015). Like the Seventh Circuit, the Sixth Circuit emphasized that whether a letter is misleading raises a question of fact that discovery might elucidate and that the letter at issue gave rise to a plausible FDCPA claim, permitting plaintiff to proceed to discovery. *Id.* at *3-*4. It also found dismissal at the pleadings stage premature because the FTC is sometimes in a better position to determine when a practice is deceptive within the meaning of the Federal Trade Commission Act, particularly "when it comes to factual plausibility in a

setting that may turn as much on empirical data as on anything else." *Buchanan*, 2015 WL 149528, at *4.

*McMahon* instructs against dismissal of this case. Although the dunning letters sent by Defendant here are not identical to those sent in *McMahon*, they have in common the following characteristics: both offered to settle a debt at a discount, neither stated when the debt was incurred, and neither disclosed that enforcement of the debt was time-barred. In light of *McMahon*, the letters at issue here plausibly could have caused an unsophisticated consumer to believe that the debt was legally enforceable, giving rise to an FDCPA claim that survives Defendants' motion to dismiss. Discovery and developments in the agencies' empirical work may shed further light on whether the letters were misleading within the meaning of the FDCPA. But for now, in FDCPA cases like this one "it suffices to say that parties who wish to present evidence in support of their claim usually will be given an opportunity to do so, making summary judgment, not a motion to dismiss, the relevant time for ascertaining whether the claim should be resolved as a matter of law." *Buchanan*, 2015 WL 149528, at *4.

### III. Conclusion

For the reasons stated above, the Court grants Plaintiff's motion for reconsideration [67], vacates its memorandum opinion and order of March 20, 2013 [61], and directs the parties to proceed with discovery in this case. The parties are directed to confer and to submit a proposed discovery plan by February 5, 2015. The Court will set the case for a further status hearing after reviewing the proposed discovery plan.

Dated: January 22, 2015

_____
Robert M. Dow, Jr.
United States District Judge

5